**AFFIRMED and Opinion Filed September 23, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00963-CV**

## IN THE MATTER OF D.J., A JUVENILE

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-20-00931-X**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Goldstein

D.J., a juvenile, appeals the trial court's Order of Adjudication and Judgment of Disposition with No Placement placing him on probation for nine months in the custody of his mother. In his sole issue, appellant contends the trial court abused its discretion, arguing the evidence is legally and factually insufficient to support the trial court's findings. We affirm the trial court's judgment.

## BACKGROUND

In October 2020, the State filed a petition asserting appellant engaged in delinquent conduct, alleging appellant committed the offense of intentionally, knowingly, or recklessly possessing a handgun in a motor vehicle that he owned or that was under his control and, at the time, he was engaged in criminal activity

because he was in possession of less than two ounces of marijuana.[1] The juvenile court placed appellant on home detention pending disposition and, among other things, ordered him to participate in Pre-Adjudicative Intensive Supervision (PAIS) and a drug intervention program.[2]

The initial November 3, 2020, predisposition report recommended appellant be placed on probation for nine months in the custody of his mother.[3] A January 25, 2021, addendum to the November 2020 predisposition report stated that an officer who conducted a school check was informed that appellant was not registered at school. Appellant's mother confirmed that appellant was enrolled, but when the officer conducted an additional school check, the school attendance clerk said appellant was not enrolled at the school. Appellant's mother advised the officer that the family was in the process of relocating to Arlington, and she "left the responsibility of re-enrolling in school solely on" appellant. The addendum stated appellant's mother's supervision was "questionable due to [appellant's] referral and truancy history" but concluded probation in the home coupled with services could

---

[1] The charge of unlawfully carrying a weapon is a Class A misdemeanor. TEX. PENAL CODE ANN. § 46.02.

[2] A February 3, 2021, substance abuse evaluation diagnosed appellant with "Cannabis use disorder, Mild."

[3] The record reflects seven addendums in 2021 to the initial November 3, 2020, predisposition report: January 25, March 10, May 10, June 2, August 11, September 7 and October 8. During the proceedings the court took judicial notice of its file, including the predisposition report and addendums, the substance abuse evaluation, and the psychological assessment.

address appellant's needs. The addendum again recommended that appellant be placed on probation for nine months in the custody of his mother.

A March 2021 addendum stated the previously assigned officer frequently reminded the family that appellant was on PAIS and the requirements of the program; appellant failed to report as required and/or make himself available for curfew checks on "several occasions." The addendum recommended probation for nine months in the custody of appellant's mother. The May, June, August, and September addendums reflected appellant had been compliant and cooperative, with the probation recommendation remaining the same. The seventh addendum in October 2021 stated appellant had accumulated four unexcused absences in individual classes and recommended nine months' probation.

At a hearing on October 14, 2021, appellant entered a plea of true to the charge that he intentionally, knowingly, or recklessly possessed a handgun in a motor vehicle that he owned or that was under his control, and, at the time, he was engaged in criminal activity because he was in possession of less than two ounces of marijuana. The trial court accepted appellant's plea of true, found the allegation to be true, and determined that appellant was a child engaged in delinquent conduct.

Tara English testified she was standing in for the court-assigned probation officer and was familiar with the case. English testified that appellant was a child in need of rehabilitation and recommended placing appellant on probation for nine months in the custody of his mother. English testified her records indicated that

appellant was in possession of a 380-caliber semiautomatic handgun, her recommendation would "address the issue to prevent this from happening," and the recommendation was in appellant's best interest. On cross-examination, English testified that appellant was compliant with the conditions of his release, he completed a drug intervention program, and an assessment indicated appellant was at a "low risk to reoffend." At the conclusion of the hearing, the trial court found that appellant was a child in need of rehabilitation, and it was in his best interest to be placed on probation for nine months in the custody of his mother.

On October 20, 2021, the trial court signed a judgment adjudicating appellant as a child engaged in delinquent conduct after the trial court found beyond a reasonable doubt that he committed the offense of unlawfully carrying a weapon. In accordance with the recommendation of the November 2020 predisposition report every subsequent addendum, and in-court testimony, appellant was placed on probation for nine months in the custody of his mother. This appeal followed.

## ANALYSIS

In a single issue, appellant argues the trial court abused its discretion in placing him on probation for nine months in the custody of his mother when he was already "on informal probation for over one year." Appellant asserts it was "manifestly unjust for [appellant] to have completed services during his Pre-Adjudication probation and then be ordered nine more months of probation just

because of the length of time it took for the court to hear the adjudication/disposition hearing."

A juvenile court has broad discretion to determine the proper disposition of a child adjudicated as engaging in delinquent conduct. *See In re C.G.*, 162 S.W.3d 448, 452 (Tex. App.—Dallas 2005, no pet.). A trial court abuses its discretion when it acts unreasonably or arbitrarily and without reference to guiding rules and principles. *In re J.M.*, 433 S.W.3d 792, 795 (Tex. App.—Dallas 2014, no pet.). Absent an abuse of discretion, we will not disturb the trial court's findings. *In re C.G.*, 162 S.W.3d at 452.

Under an abuse of discretion standard, legal and factual insufficiency are relevant factors in assessing whether the trial court abused its discretion in making necessary findings. *See id.* For legal sufficiency, we consider evidence favorable to the finding if a reasonable factfinder could, disregarding contrary evidence unless a reasonable factfinder could not, and will set aside the trial court's judgment only when there is no evidence to support the findings. *See In re G.O.*, No. 05-19-01429-CV, 2020 WL 1472218, at *3 (Tex. App.—Dallas Mar. 26, 2020, no pet. h.) (mem. op.) (If more than a scintilla of evidence supports the finding, a legal sufficiency challenge fails). When reviewing for factual sufficiency, we determine whether the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.*

The record shows appellant pled true to the charge that he unlawfully possessed a handgun in a motor vehicle that was owned by or under his control, while engaged in criminal activity - possession of less than two ounces of marijuana. Appellant successfully completed a drug intervention, and aside from initial enumerated instances of attendance and curfew issues, he was compliant with the conditions of his release. However, the juvenile department recommended appellant be placed on nine months' probation in the custody of his mother and never wavered in that recommendation. Appellant did not challenge the juvenile court's disposition findings that he is in need of rehabilitation, the public is in need of protection, and the child is in need of protection. TEX. FAM. CODE ANN. § 54.04(c). Based upon the record before us, we cannot conclude that the juvenile court abused its discretion in following this recommendation. *See In re C.G.*, 162 S.W.3d at 452. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210963F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE MATTER OF D.J., A
JUVENILE

No. 05-21-00963-CV

On Appeal from the 305th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JD-20-00931-
X.
Opinion delivered by Justice
Goldstein. Justices Schenck and
Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 23rd day of September 2022.